## Orren F. Gilbert v. The American Insurance Company.

*Judgment : Presumptions : Errors : Record.* No intendment can be made on review against the judgment, but all presumptions are in favor of its validity; and it rests with the party seeking a reversal on error to show by his record the error he alleges.

*General verdict : Special findings : Judgment : Record : Presumptions.* Where, upon a trial by jury, judgment has been rendered under the statute (*Comp. L. 1871, § 6026*) against the general verdict, and in accordance with special findings returned by the jury, on the ground that such special findings were inconsistent with the general verdict, a record which brings up only the pleadings, the verdict and findings, and the judgment, is held inadequate to warrant a determination that the ruling as to such inconsistency was erroneous.

*Statute construed : General verdict inconsistent with special findings.* The statute authorizing such findings and such judgment, contemplates that the trial court will have knowledge of the facts developed on the trial to aid it in determining the consistency of the general verdict and the special findings; and as a general verdict does not set forth the elementary facts required for its production, this determination involves a consideration of something beyond a mere comparison of the language of the verdict and the findings.

*Special findings : Reference to documents.* When special findings refer directly to documents they can only be understood by comparing them with the documents; and where such reference is made and a court is called upon to apply the verdict, it must be treated as embodying such documents by the reference.

*Insurance policy : Application : General verdict : Special findings.* In an action upon an insurance policy where the defense is based upon a written application, such policy and application would necessarily be resorted to for the determination of the question whether the general verdict was not inconsistent with special findings of the jury, especially where they are specifically referred to in such findings.

*Heard October 9.    Decided October 27.*

Error to Washtenaw Circuit.

*S. E. Engle* and *H. J. Beakes,* for plaintiff in error.

*Gibson & Wolcott,* for defendant in error.

GRAVES, CH. J.

The plaintiff sued the company in the circuit court on a policy of insurance.

The suit was commenced by declaration, in which the plaintiff alleged that the company, on the 26th of September, 1871, insured for five years from the 19th of that month, his interest in a dwelling house, a barn and shed

and other property, in the sum of five thousand five hundred and fifty dollars, of which two thousand five hundred dollars was upon the house, two hundred and fifty dollars on the barn and shed, and the rest distributed upon the other property; that on the 11th of November subsequent to the insurance the house, barn and other insured property perished by an accidental fire; that he performed and kept all the stipulations required on his part by the contract, and gave due notice, and made the prescribed preliminary proof of loss; but that the company wholly refused to make payment. The company pleaded the general issue, and gave notice of special matter of defense.

Among other things, the notice stated they would show that the plaintiff represented and warranted the house to be worth four thousand dollars, and the barn and shed three hundred and fifty dollars; that the buildings were in good state of repair, and that the real estate, including the buildings, was worth eight thousand dollars; that he knowingly overvalued the property with intent to defraud, and that his statements given in evidence in making proof of loss were false and made to defraud.

The cause was tried on these pleadings before a jury, and they returned a general verdict for the plaintiff for four thousand three hundred and sixty dollars and twenty-six cents. But in connection with this general verdict they returned several special findings in answer to particular questions submitted by the parties, and the court deeming the special findings inconsistent with the general verdict, disregarded the latter and caused judgment to be entered in favor of the company and against the plaintiff. The latter then brought error, and the return to the writ contains only the pleadings, findings and judgment. Neither the proceedings upon the trial, nor the evidence placed before the jury, nor the facts to which the propositions for special finding related, are before us. Upon the record so made up, the plaintiff assigns for error, *first*, that the court erred in holding that the facts specially found were inconsist-

30 MICH.—51.

ent with the general verdict; and, *second*, that the court erred in giving judgment against the plaintiff and in favor of the defendant.

It is admitted by the plaintiff that no intendment can be made against the judgment of the circuit court, and also that it rests upon him to show by the record the alleged error.

Still he insists that without the aid of any presumption or intendment against the judgment, and after conceding fully every presumption in its favor which the law will permit, it does clearly appear from the record that the court erred as alleged.    The position he takes appears to be as follows: *first*, that the general verdict entitled him to judgment, unless the special findings, or some of them, were inconsistent with such verdict; *second*, that the inconsistency in question must be decided by comparing with the general verdict the special findings in the form in which they stand set out in the record, and apart from any facts which such findings, or the general one, must have contemplated, or to which they referred ; and, *third*, that the particular findings, as literally given in the record, were not, and are not, inconsistent with the general verdict, and hence that the plaintiff was entitled to judgment.

If either of these propositions cannot be sustained when applied to this case, the plaintiff must fail.    Passing by the first as correct, can the second be supported ?

It must not be forgotten that in deciding that the special findings were inconsistent with the general verdict, and, as a consequence thereof, in disregarding that verdict and in giving judgment against the plaintiff and in favor of defendants, the court was in the exercise of its lawful authority, and was not transcending its jurisdiction.    The question raised by the proceeding has no relation to the right of the court to decide.    The point is, whether it decided rightly upon the grounds before it.    The plaintiff alleges, and undertakes to show by the record, that it did not.    He undertakes to show by the record that when the

court below decided that the special findings were inconsistent with the general verdict, there was in truth no such inconsistency. For it is upon the correctness of that decision of the court below that the whole case hinges. And unless the plaintiff is able to show affirmatively that there was no inconsistency, he is not able to impeach the judgment.

The law under which the question in this case has arisen contemplates the trial of an issue of fact before a jury in the circuit court, and the return of a general verdict upon the evidence produced under the issue. And after providing for findings on particular questions in case a general verdict is given, it empowers the court, if special findings are made, to determine whether such findings are inconsistent with the general verdict, and declares that, if found to be so, they shall control, and that the court shall give judgment accordingly.—*Comp. L. 1871, § 6026.* No provision is made for the exhibition to the court below in any special form, of the facts and matters connected with this inquiry, but the law assumes that they will be under the view of the court and sufficiently manifested by the pleadings, the proceedings on the trial and the findings, general and special. And this assumption is well founded. The statute contemplates a general verdict as a result depending for its correctness in respect to the facts upon its being based on a given combination of particular facts, and which result would not be admissible if any of such facts were done away with or avoided.

There can be no conception of a general verdict which supposes it to contain the elementary facts required in the given case for its production. Such a verdict implies that those facts are not set forth in it. And hence, when it is suggested that facts specially found may be inconsistent with it, it is not intended that the point may always be tested by comparing the special findings with only what is expressed in terms by the general verdict. It is very easy to see that in many cases the general verdict may depend

entirely upon one or more facts not apparent upon the face of it, but which were regularly developed in the course of the litigation.

The statute, in empowering the circuit court to judge whether the special findings infringe any of the facts required for the general verdict, must be considered as intending that the court may ascertain from the case as litigated before it, when necessary, what particular facts are required for the general verdict returned. This is necessarily to be implied from the nature of the proceeding itself and the duty imposed on the court. Without contemplating the facts referred to by the respective findings, it would be impossible for the court, in many cases, to say whether one finding infringed the other, or not; and having regard to this state of things, the law takes notice that all matters necessary to a proper determination of the point must necessarily pass under the view of the trial court in the ordinary progress of the cause.

When, as in this case, the recovery can only be had under a written instrument, and where the defense is also connected with a written application, those papers are necessarily produced and exhibited in court (unless their production is impossible, in which case they must be substantially explained). The issues are so blended with them that no verdict can be given that does not involve them directly or indirectly.

When special findings are made, referring directly to documents, as in this case, they can only be understood by comparing them with the documents; and whenever such reference is made, and a court is called upon to apply the verdict, it must be treated as embodying these by the reference.—*Keeler v. Robinson, 27 Mich. R., 116.* When the court below was asked to determine whether the general verdict was consistent with the special findings, it was bound to read the findings in connection with those documents, and it had the means of doing so from the necessary proof at the trial; so that the judge could apply them correctly.

If we can see that those papers could have been of such a nature that the judge below, reading the findings in connection with them, would have been justified in holding the facts found inconsistent with plaintiff's right of recovery, then we must presume he came to a right conclusion, until the contrary is made to appear; since we cannot presume error that is not shown. We must presume that the facts specially found were not consistent with the general verdict; and the writings were a necessary part of the finding to determine this; and the judge must be presumed to have resorted to them to construe the findings.

As long as the case remained in the court below, the judge had it in his power to read these with all that belonged with them and that was legally a part of them for all purposes of interpretation. But we, not having tried the case, cannot know what extraneous matters belonged to the findings; and the party who desires to review the judge's ruling must put us in a position where we can pass upon it in the light in which he was able to view the matter, or else must leave us where we are bound to presume the conclusions were just. The record which the plaintiff has caused to be brought up does not exhibit the case on which the circuit judge acted; does not show us the matters he was authorized to consider, and presumably did consider, in order to decide the question sought to be reviewed. The documents referred to in the findings, and certain facts there is reason to suppose must have influenced the judgment of the judge, are not before us at all. Under these circumstances, we cannot say he erred in deciding that the findings were inconsistent; or, in other words, we cannot determine on this record that there was no such inconsistency as the court below, on the facts which are absent here, found to exist.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

The other Justices concurred.